Steven J. Moser (SM1133)
MOSER EMPLOYMENT LAW FIRM, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420

---

VICTOR M. CHAVEZ, individually and on behalf of all
others similarly situated,

|  |  |
|---|---|
|  | **CLASS AND COLLECTIVE** |
| Plaintiff, | **ACTION COMPLAINT** |

*-against-*

WHITE POST WHOLESALE GROWERS, INC., JOHN
D. BRIGATI, DAVID H. BRIGATI, and LAUREEN M.
BRIGATI,

Defendants.

---

Plaintiff, Victor M. Chavez, individually and on behalf of all others similarly situated,

through his attorney, Moser Employment Law Firm, PC, brings this action against Defendants,

White Post Wholesale Growers, Inc., John D. Brigati, David H. Brigati, and Laureen M. Brigati

("Defendants") and allege as follows:

## NATURE OF CLAIM

1.      This action is brought to remedy overtime wage violations as required by the Fair

Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq. (29 U.S.C. § 207),

the New York Labor Law ("NYLL") Article 19 §§ 650 et seq. and the supporting New York

Codes, Rules and Regulations, 12 N.Y.C.R.R. § 142-2.2.

2.      This action is brought to remedy additional violations of the NYLL which

include:

(a)  wage notice violations (NYLL § 195(1)(a)); and

(b)  wage statement violations (NYLL § 195(3)).

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28

U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims

that they form part of the same case or controversy under Article III of the United States

Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §

1391, as a substantial part of the events or omissions giving rise to the claims in this action

occurred within the Eastern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

5.      The Plaintiff brings the FLSA claim on behalf of himself and other similarly

situated persons who were current and former workers employed at White Post Wholesale

Growers, Inc., at any time during the three year period prior to the filing of the complaint

("relevant time period") who elect to opt-in to this action ("FLSA Collective"), pursuant to the

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and specifically, the collective

action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of

the FLSA.

6.      Defendant White Post Wholesale Growers, Inc. is a wholesaler of plants, flowers,

trees, and shrubs.

7.      Until January 2016, Defendants had a uniform policy to deprive all hourly

employees of overtime wages.  In order to avoid paying workers for hours worked in excess of

forty (40) hours per workweek, the Defendants uniformly paid all overtime, in cash, at the

regular rate of pay, rather than at the overtime rate.  Employees regularly worked in excess of forty (40) hours per week.

8.      Through the conduct described in this Complaint, Defendants have violated the FLSA by failing to pay the Plaintiff and the FLSA Collective, proper overtime wages as required by law.  These violations arose out of the Defendants' uniform, company-wide policies and their pattern or practice of violating wage and hour laws.

9.      Upon information and belief, the FLSA Collective consists of many similarly situated current and former employees of the Defendants who have been victims of the Defendants' common policy and practices that have violated the rights of the FLSA Collective under the FLSA by, *inter alia,* willfully denying full overtime wages.  The exact size of the FLSA collective is unknown, but is estimated at 150 employees.

10.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to the Defendants, are readily identifiable, and locatable through the Defendants' records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

11.     The Plaintiff brings the Second, Third and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure.

### *The New York Class*

12.     The Plaintiff brings the second cause of action on behalf of himself and a class of persons consisting of all non-exempt employees of White Post Wholesale Growers, Inc. in the

State of New York for the six year period prior to the filing of this complaint and up to the date of final judgment in this matter (the "New York Class").

### Class-Wide Allegations

13. Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

14. The members of the New York Class are so numerous that joinder of all members is impracticable.

15. Upon information and belief, the size of the New York Class is at least 250 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

16. Common questions of law and fact exist as to the classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

   (b) whether Defendants failed to pay overtime pay as required;

   (c) whether Defendants failed to provide wage notices as required by NYLL § 195; and

   (d) whether Defendants failed to furnish wage statements as required by NYLL § 195.

17. The nature and extent of class-wide injury and the measure of damages for those injuries.

18. The claims of the Plaintiff are typical of the class-wide claims. The Plaintiff and all of the class members work, or have worked, for Defendants in the State of New York. The Plaintiff and the class members enjoy the same statutory rights under the NYLL, to be paid overtime premiums, and to be provided with wage notices and wage statements. The Plaintiff and the class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Plaintiff and the class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

19. The Plaintiff will fairly and adequately represent and protect the interests of the members of the class. The Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. The Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. The Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial. The Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the class members.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

21.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

22.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

23.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

**WILLFULNESS ALLEGATIONS**

24.     As part of their regular business practice, the Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

25.     Upon information and belief, this policy and pattern or practice included but was not limited to willfully:

(a) failing to pay employees, including Plaintiff and the FLSA Collective, overtime wages at the proper overtime rate for all hours worked in excess of forty (40) hours per week and instead paying all overtime hours at the regular rate of pay;

(b) failing to furnish wage notices; and

(c) failing to furnish wage statements.

26.     Upon information and belief, Defendants were or should have been aware that their actions as described in this complaint violated both state and federal law.

## PARTIES

### Individual Plaintiff

27.     Plaintiff Victor M. Chavez is a natural person who resides at in Huntington Station, New York, 11746.

28.     Upon information and belief, Mr. Chavez has been an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3) during the relevant period of employment.

### Defendants

*White Post Wholesale Growers, Inc.*

29.     Defendant White Post Wholesale Growers, Inc. ("White Post") is a New York Domestic Business Corporation.

30. White Post Wholesale Growers, Inc. maintains an address of record at 263 Old Country Road, Melville, New York, 11747 in Suffolk County.

31. Upon information and belief, White Post is a wholesaler of nursery, garden, building materials, and landscaping products.

32. White Post operates in several locations on Long Island, including 400 West Pulaski Road, Huntington, New York and 160 Railroad Avenue, Huntington Station, New York.

33. Upon information and belief, White Post Wholesale Growers, Inc. has been engaged in commerce as defined in the FLSA. 29 U.S.C. §§ 201 *et. seq*. during the relevant time period.

34. Upon information and belief, White Post Wholesale Growers, Inc. had annual gross volume of sales made or business done of $500,000 or more during the relevant time period.

35. Upon information and belief, White Post has been an employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3), and employed the Plaintiff during the relevant time period.

### *Defendant John D. Brigati*

36. Defendant John D. Brigati is a natural person residing in the County of Suffolk.

37. Upon information and belief, Defendant John D. Brigati is a shareholder of White Post Wholesale Growers, Inc.

38. Upon information and belief, Defendant, John D. Brigati, is the President of White Post Wholesale Growers, Inc.

39. Upon information and belief, Defendant John D. Brigati has been an employer within the meaning of 29 U.S.C. § 203(d) and employed the Plaintiff during the relevant time

period. An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).

40.     Upon information and belief, Defendant John D. Brigati exercised sufficient operational control over the results produced by the Plaintiff and the means used by the Plaintiff to achieve the results, to be deemed Plaintiff's employer pursuant to NYLL. "The critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Hernandez v. Chefs Diet Delivery*, LLC, 81 A.D.3d 596, 597 (2nd Dep't 2011) (quoting *Bynog v. Cipriani Group, Inc*., 1 N.Y.3d 193, 198 (N.Y. 2003)).

41.     Upon information and belief, an employment relationship existed within the meaning of the FLSA, between Defendant John D. Brigati and the Plaintiff, in that John D. Brigati had the power to control the Plaintiff.  "An employment relationship exists under the FLSA when the 'economic reality' is such that the 'alleged employer possessed the power to control the workers in question.'" *Apolinar v. Global Deli and Grocery, Inc*., 2013 U.S. Dist. LEXIS 138137 *7 (E.D.N.Y. August 23, 2013) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d. 3871523, at *3 (S.D.N.Y. Sept. 7 2012)).

42.     Upon information and belief, Defendant John D. Brigati had the power to hire and fire Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.  "In applying the economic reality test, the material facts are whether the alleged employer could hire and fire the worker, control work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records." *Carter v. Dutchess Cmty. Coll.,* 735 F.2d 8, 12 (2d Cir. 1984).

43.     Upon information and belief, Defendant John D. Brigati exercised sufficient operational control over White Post Wholesale Growers, Inc. to be deemed Plaintiff's employer under the FLSA and the NYLL.

*Defendant David H. Brigati*

44.     Defendant David H. Brigati is a natural person residing in the County of Suffolk.

45.     Upon information and belief, Defendant David H. Brigati is a shareholder of White Post Wholesale Growers, Inc.

46.     Upon information and belief, Defendant David H. Brigati is the Vice President of White Post Wholesale Growers, Inc.

47.     Upon information and belief, Defendant David H. Brigati has been an employer within the meaning of 29 U.S.C. § 203(d) and employed the Plaintiff during the relevant time period. An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).

48.     Upon information and belief, Defendant David H. Brigati exercised sufficient operational control over the results produced by the Plaintiff and the means used by the Plaintiff to achieve the results, to be deemed Plaintiff's employer pursuant to NYLL. "The critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Hernandez*, 81 A.D.3d at 597  (quoting *Bynog v. Cipriani Group, Inc*., 1 N.Y.3d 193, 198 (N.Y. 2003)).

49.     Upon information and belief, an employment relationship existed within the meaning of the FLSA, between Defendant David H. Brigati and the Plaintiff, in that David H.

Brigati had the power to control the Plaintiff. "An employment relationship exists under the FLSA when the 'economic reality' is such that the 'alleged employer possessed the power to control the workers in question.'" *Apolinar*, 2013 U.S. Dist. LEXIS 138137 at *7 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d. 3871523, at *3 (S.D.N.Y. Sept. 7 2012)).

50.     Upon information and belief, Defendant David H. Brigati had the power to hire and fire Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment. "In applying the economic reality test, the material facts are whether the alleged employer could hire and fire the worker, control work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records." *Carter,* 735 F.2d at 12.

51.     Upon information and belief, Defendant David H. Brigati exercised sufficient operational control over White Post Wholesale Growers, Inc. to be deemed Plaintiff's employer under the FLSA and the NYLL.

*Defendant Laureen M. Brigati*

52.     Defendant Laureen M. Brigati is a natural person residing in the County of Suffolk.

53.     Upon information and belief, Defendant Laureen M. Brigati is a shareholder of White Post Wholesale Growers, Inc.

54.     Upon information and belief, Defendant Laureen M. Brigati is the Secretary of White Post Wholesale Growers, Inc.

55.     Upon information and belief, Defendant Laureen M. Brigati is the Treasurer of White Post Wholesale Growers, Inc.

56. Upon information and belief, Defendant Laureen M. Brigati has been an employer within the meaning of 29 U.S.C. § 203(d) and employed the Plaintiff during the relevant time period. An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).

57. Upon information and belief, Defendant Laureen M. Brigati exercised sufficient operational control over the results produced by the Plaintiff and the means used by the Plaintiff to achieve the results, to be deemed Plaintiff's employer pursuant to NYLL. "The critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Hernandez*, 81 A.D.3d at 597 (quoting *Bynog v. Cipriani Group, Inc.*, 1 N.Y.3d 193, 198 (N.Y. 2003)).

58. Upon information and belief, an employment relationship existed within the meaning of the FLSA, between Defendant Laureen M. Brigati and the Plaintiff, in that Laureen M. Brigati had the power to control the Plaintiff. "An employment relationship exists under the FLSA when the 'economic reality' is such that the 'alleged employer possessed the power to control the workers in question.'" *Apolinar*, 2013 U.S. Dist. LEXIS 138137 at *7 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d. 3871523, at *3 (S.D.N.Y. Sept. 7 2012)).

59. Upon information and belief, Defendant Laureen M. Brigati had the power to hire and fire Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment. "In applying the economic reality test, the material facts are whether the alleged employer could hire and fire the worker, control work schedules and conditions of employment,

determine the rate and method of payment, and maintain employment records." *Carter,* 735 F.2d at 12.

60. Upon information and belief, Defendant Laureen M. Brigati exercised sufficient operational control over White Post Wholesale Growers, Inc. to be deemed Plaintiff's employer under the FLSA and the NYLL.

## INDIVIDUAL FACTUAL ALLEGATIONS

61. The following individual factual allegations are best approximations based upon the recollection of the Plaintiff. The Plaintiff reserves the right to amend his individual factual allegations to the extent that records exist which either refresh the Plaintiff's recollections or may be used to substantiate the exact number of hours worked and/or wages paid.

62. White Post Wholesale Growers, Inc. has employed Mr. Chavez from May 1997 to the present.

63. Mr. Chavez has been employed at the White Post Wholesale Growers, Inc. worksite located at 400 West Pulaski Road, Huntington, New York, 11743.

64. Mr. Chavez assisted in the handling of goods that have been transported in interstate commerce during the relevant time period.

65. Mr. Chavez worked a varying schedule dependent on the seasonal needs of White Post Wholesale Growers, Inc.:

(a) From approximately the end of December through mid February, Mr. Chavez usually worked an average of thirty-five (35) hours per week, Monday to Friday.

(b) From mid February until the end of June, the number of hours Mr. Chavez worked each week usually increased from forty (40) to sixty-five (65) hours.

(c) During the months of May and June, Mr. Chavez usually worked approximately sixty (60) to sixty-five (65) hours each week. Mr. Chavez regularly worked approximately twenty (20) to twenty-five (25) hours overtime weekly.

(d) In July and August, Mr. Chavez usually worked approximately forty-five (45) to forty-eight (48) hours each week. Mr. Chavez worked approximately five to eight hours overtime weekly.

(e) In September and October, Mr. Chavez usually worked approximately fifty-five (55) to sixty (60) hours each week. Mr. Chavez worked approximately fifteen (15) to twenty (20) hours overtime weekly.

(f) In November and December, Mr. Chavez usually worked approximately sixty (60) to sixty-five (65) hours each week. Mr. Chavez worked approximately twenty (20) to twenty-five (25) hours overtime weekly.

66.     Mr. Chavez presently receives $14.00 per hour for each hour worked.

67.     Until January 2016, Mr. Chavez was paid for the first forty (40) hours he worked each week by check.

68.     Until January 2016, Mr. Chavez was paid for all hours in excess of forty (40) hours he worked each week at approximately his regular rate of hourly pay, by cash.

69.     Until January 2016, the Defendants had not paid Mr. Chavez time-and-a-half for his overtime hours.

70.     For example, during the pay period from May 10, 2013 to May 16, 2013, Mr. Chavez worked a total of seventy-five (75) hours. His regular rate of pay was $13.00 per hour. The Defendants paid Mr. Chavez for the first forty (40) hours he worked by check. For the

thirty-five (35) hours of overtime worked by Mr. Chavez, the Defendants paid Mr. Chavez $455.00 in cash at the rate of $13.00 per hour. *See* Exhibit 1 annexed hereto.

71.     For example, during the pay period from March 21, 2014 to March 27, 2014, Mr. Chavez worked a total of seventy-six (76) hours. His regular rate of pay was $13.00 per hour. The Defendants paid Mr. Chavez for the first forty (40) hours he worked by check. For the thirty-six (36) hours of overtime worked by Mr. Chavez, the Defendants paid him $486.00 in cash at the rate of $13.50 per hour. *See* Exhibit 2 annexed hereto.

72.     For example, during the pay period from April 17, 2015 to April 23, 2015, Mr. Chavez worked a total of eighty-one (81) hours. His regular rate of pay was $14.00 per hour. The Defendants paid for the first forty (40) hours by check. For the forty-one (41) hours of overtime worked by Mr. Chavez, the Defendants paid Mr. Chavez $574.00 in cash at the rate of $14.00 per hour. *See* Exhibit 3 annexed hereto.

73.     Although Mr. Chavez regularly worked overtime during the relevant period, he was not paid for overtime hours worked at the overtime rate until January 2016.

74.     Until January 2016, the Defendants deprived Mr. Chavez of an overtime wage as required by 29 U.S.C. §§ 201 et seq. (29 U.S.C. § 207), NYLL Article 29 §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

75.     Until January 2016, the Defendants did not provide Plaintiff with a wage notice that complied with NYLL § 195(1)(a).

76.     Until January 2016, the Defendants issued a formal wage statement only for the portion of Mr. Chavez' wages that were paid by check and accounted for Mr. Chavez' first forty hours of work each week.

77.     Until January 2016, for the portion of Plaintiff's wages that were paid by cash, the Defendants failed to provide a wage statement containing the following information: the dates of work covered by the payment; name of employee; name of employer; address and phone number of employer; and proper overtime rate.

78.     Until January 2016, the Defendants did not provide Plaintiff with a wage statement that complied with NYLL § 195(3) for hours worked in excess of forty (40) hours per week.

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labors Standards Act**
**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 126**

79.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

80.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations apply to Defendants and protect Plaintiff.

81.     Defendants were required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

82.     Until January 2016, the Defendants failed to pay Plaintiff the proper overtime wages for working in excess of forty (40) hours per week.

83.     Until January 2016, the Defendants paid the Plaintiff at the regular hourly rate of pay for hours in excess of forty (40) hours per week.  He was not paid an overtime rate of one and one half times the regular rate for all hours worked in excess of forty (40) hours per week.

84.     Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

85.     Defendants either knew or acted with reckless disregard as to whether their

conduct violated the FLSA. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiff. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-35 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

86.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA and is entitled to recovery of such amounts, including liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et. seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Violation**
**Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**

87.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

88.     Defendants have been an employer within the meaning of the NYLL § 190(3) and employed the Plaintiff.

89.     Plaintiff has been an employee within the meaning of the NYLL § 190(3) and was an employee of the Defendant.

90.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

91.     Until January 2016, the Defendants failed to pay Plaintiff overtime wages to which he is entitled pursuant to the NYLL and the supporting New York State Department of Labor Regulations.

92.     Through Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully

violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

93.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

### THIRD CAUSE OF ACTION
### Wage Statement Violations
### NYLL §§ 195 and 198

94.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

95.     NYLL § 195(3) requires employers to furnish to each employee "a statement with every payment of wages," listing *inter alia*, the dates of work covered by that payment of wages, name of the employee, name of the employer, address and phone number of the employer, rate or rates of pay and basis thereof.

96.     Until January 2016, the Defendants failed to provide a wage statement to the Plaintiff meeting the requirements of NYLL § 195(3) for hours worked in excess of forty (40) hours weekly.

97.     Due to Defendants' violation of NYLL §195(3) preceding February 27, 2015, Plaintiff is entitled to civil damages in the    amount of $100 per week up to a total of $2,500. NYLL § 198(1)(d).

98.     Due to Defendants' violation of NYLL § 195(3) on or after February 27, 2015, Plaintiff is entitled to recover "damages of two hundred fifty dollars for each work day that the violations occurred…but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."  NYLL § 198(1)(d).

## FOURTH CAUSE OF ACTION
## Wage Notice Violations
## NYLL §§ 195 and 198

99.     NYLL § 195(1)(a) requires an employer to furnish to each employee a notice at the time of hiring or change in pay, that contains *inter alia*, the regular rate of pay, the overtime rate, the regular day on which pay is dispersed, the name of the employer and the employer's contact information.

100.    Until January 2016, the Defendants failed to provide a wage notice to the Plaintiff as required by NYLL § 195(1)(a).

101.    Due to Defendants' violation of NYLL § 195(1)(a) preceding February 27, 2015, Plaintiff is entitled to recover statutory damages of fifty dollars for each week that the violations occurred not to exceed a total of $2,500, together with costs and reasonable attorney's fees.  NYLL § 198(1)(b).

102.    Due to Defendants' violation of NYLL § 195(1)(a) on or after February 27, 2015, Plaintiff is entitled to recover statutory damages of fifty dollars for each workday that the violations occurred not to exceed a total of $5,000, together with costs and reasonable attorney's fees. NYLL § 198(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.     Unpaid overtime pay under the FLSA;

B.     An amount equal to unpaid overtime as liquidated damages under the FLSA;

C.     Unpaid overtime wages under the NYLL;

D.     An amount equal to 100% of unpaid overtime wages under the NYLL;

E.   For wage statement violations of NYLL §195(3) preceding February 27, 2015, civil damages in the amount of $100 per week up to a total of $2,500. NYLL § 198(1)(d);

F.   For wage statement violations of NYLL §195(3) on and after February 27, 2015, civil damages in the amount of $250 per work day, up to a total of $5,000. NYLL § 198(1)(d);

G.   For each violation of the notice provisions of NYLL § 195(1)(a) preceding February 27, 2015, civil damages in the amount of $50 for each week the violation occurred, up to a total of $2,500. NYLL § 198(1)(b);

H.   For each violation of the notice provisions of NYLL § 195(1)(a) on or after February 27, 2015, civil damages in the amount of $50 for each day the violation occurred, up to a total of $5,000. NYLL § 198(1)(b);

I.   Attorney's fees and costs of the action;

J.   Prejudgment interest at a rate of 9% per annum under state law; and

K.   Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
         March 26, 2017

STEVEN J. MOSER, P.C.

By: Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

75m    35 x 13 = 455 —

**WHITE POST WHOLESALE GROWERS, INC.**

10971

| Employee | | | | | SSN | Status (Fed/State) | | Allowances/Extra |
|---|---|---|---|---|---|---|---|---|
| Victor M. Chavez, 26 East Fifth Street, Huntington Station, NY 11746 | | | | | ***-**-8201 | Single/Single | | Fed-1/0/NY-0/0 |
| | | | | | Pay Period: 05/10/2013 - 05/16/2013 | | | Pay Date: 05/18/2013 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Rate 1 | 40:00 | 13.00 | 520.00 | 6,660.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -52.00 | -623.00 |
| Social Security Employee | -32.24 | -412.92 |
| Medicare Employee | -7.54 | -96.57 |
| NY - Withholding | -18.48 | -218.68 |
| NY - Disability Employee | -0.60 | -8.84 |
| | -110.86 | -1,360.01 |
| Net Pay | 409.14 | 5,299.99 |

WPW GROWERS, 400 West Pulaski Road, Huntington, NY 11743, WHITE POST WHOLESALE GROWERS INC

Powered by **Intuit Payroll**

# EXHIBIT 1

*76 hs   36 × 1350   486—*

**WHITE POST WHOLESALE GROWERS, INC.**

12006

| Employee | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| Victor M. Chavez, 26 East Fifth Street, Huntington Station, NY 11746 | | | | | ***-**-8201 | Single/Single | Fed-1/0/NY-0/0 |
| | | | | | Pay Period: 03/21/2014 - 03/27/2014 | | Pay Date: 03/29/2014 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Rate 1 | 40:00 | 13.00 | 520.00 | 5,915.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -51.00 | -539.00 |
| Social Security Employee | -32.24 | -366.73 |
| Medicare Employee | -7.54 | -85.77 |
| NY - Withholding | -18.31 | -189.89 |
| NY - Disability Employee | -0.60 | -7.80 |
| | -109.69 | -1,189.19 |

| Net Pay | 410.31 | 4,725.81 |
|---|---|---|

WPW GROWERS, 400 West Pulaski Road, Huntington, NY 11743, WHITE POST WHOLESALE GROWERS INC

Powered by **Intuit Payroll**

**EXHIBIT 2**

*87 M.    41 hs x 14 = 574 —*

**WHITE POST WHOLESALE GROWERS, INC.**

| Employee | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| Victor M. Chavez, 26 East Fifth Street, Huntington Station, NY 11746 | | | | | ***-**-8201 | Single/Single | Fed-1/0/NY-0/0 |
| | | | | | Pay Period: 04/17/2015 - 04/23/2015 | | Pay Date: 04/25/2015 |

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Rate 1 | 40:00 | 13.50 | 540.00 | 4,212.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -54.00 | -416.00 |
| Social Security Employee | -33.48 | -261.14 |
| Medicare Employee | -7.83 | -61.07 |
| NY - Withholding | -19.32 | -148.19 |
| NY - Disability Employee | -0.60 | -4.80 |
| | -115.23 | -891.20 |

| | Current | YTD Amount |
|---|---|---|
| Net Pay | 424.77 | 3,320.80 |

WPW GROWERS, 400 West Pulaski Road, Huntington, NY 11743

Powered by **Intuit Payroll**

**EXHIBIT 3**