

# MOSER LAW FIRM, P.C.
## WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.  3 SCHOOL STREET, SUITE 207B  TEL (516) 671.1150
smoser@moseremploymentlaw.com  GLEN COVE, NEW YORK 11542  FAX (516) 882-5420

November 2, 2017

VIA ECF

Honorable Leonard D. Wexler, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Chavez v. Brigati, et al.,* 17-cv-1739 (LDW)(GRB)

Dear Judge Wexler:

    On October 10, 2017 the parties participated in a mediation session at the Eastern District Courthouse which was supervised by Patrick McKenna, a member of the Eastern District Mediation panel. After extensive arms-length negotiations between counsel for the Plaintiff and the Defendants, the parties were able to reach a tentative settlement.

    With this letter, the Parties jointly request that the Court approve of the terms of the FLSA Settlement, and dismiss the litigation with prejudice.

    In *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015), the Second Circuit found that Judicial approval of FLSA settlements is necessary to preserve the FLSA's purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Id.* (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).

    In this case the Plaintiff brought claims for unpaid overtime under the FLSA (Count I), as well as claims for unpaid overtime and statutory damages for wage notice and wage statement violations under the NYLL (Counts II-IV). Therefore, the parties have executed two settlement agreements: (1) an FLSA Settlement Agreement (annexed hereto as Exhibit 1) resolving the Plaintiff's FLSA claims, and (2) a confidential NYLL Settlement Agreement.

    Post-*Cheeks*, District Courts have approved of a bifurcated settlement structure under which (i) the parties publicly file a settlement agreement with respect to the FLSA claim; and (ii) execute a separate settlement agreement of the NYLL Counts which remains confidential and does not require the Court's approval. *Abrar v. 7-Eleven, Inc.,* No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016)(approving a bifurcated settlement

structure); *Yunda v. SAFI-G, Inc.,* 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017)(holding that "a bifurcated settlement agreement is permissible"); *Ortiz v. Breadroll, LLC,* 2017 U.S. Dist. LEXIS 73657, 2017 WL 2079787 (S.D.N.Y. May 15, 2017).

The reason why District courts have endorsed this structure is because an agreement to resolve claims arising under the NYLL does not require judicial approval. *Yunda,* 2017 U.S. Dist. LEXIS 65088, at *4. *Cheeks* is therefore inapplicable to the settlement of a parallel NYLL claim. *Id.*

I.   **Non-Monetary Fairness**

The non-monetary terms of the FLSA settlement agreement are fair and reasonable. The agreement does not contain any of the clauses found objectionable by the Second Circuit, such as a confidentiality provision, an overbroad release, or a restriction in the Plaintiffs' attorneys' right to represent other employees of the defendant. *See Cheeks,* 796 F.3d at 206 (discussing objectionable characteristics of prior FLSA settlements).

II.   **Monetary Fairness**

The monetary terms of the FLSA settlement agreement are also fair and reasonable. As an initial matter, Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc.* v. *United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id*.at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Id*.at 1354; *see Mohney v. Shelly's Prime Steak*, 2009 U.S. Dist. LEXIS 27899, at *13 (S.D.N.Y. Mar. 31, 2009).

In this case, the Defendant White Post Wholesale Growers, Inc. asserted an agricultural exemption from the overtime provisions of the FLSA under 29 U.S.C. § 213(b)(13).  While the Plaintiff believes that he would ultimately prevail on the exemption issue, the risks of litigation would justify settling the overtime claims for less than full value, because if the employer prevailed on the exemption issue the Plaintiff would be entitled to nothing.

The FLSA Settlement Agreement calls for the payment of $9,837.50 to the Plaintiff, and $4,918.75 as attorneys' fees to the Moser Law Firm.  The payment to the Plaintiff of $9,837.50 was reached by calculating the total overtime due and owing to the plaintiff for the two-year period prior to the filing of the complaint.   This amounts to full compensation for overtime owed under the FLSA.   Attorneys' fees are not more than 1/3 of the total FLSA settlement amount, and therefore do not run afoul of *Cheeks*.

**Conclusion**

    For the foregoing reasons, the parties jointly move for approval of the FLSA settlement, and request that the Court so-order the stipulation of dismissal annexed hereto as Exhibit 2.

                                       Respectfully submitted,

                                       Steven John Moser

CC:    Jamie Felsen (jamiefelsen@mllaborlaw.com) (via ECF)