## **SETTLEMENT AGREEMENT**

WHEREAS Victor Chavez ("Plaintiff") commenced an action against White Post Wholesale Growers, Inc., John D. Brigati, David H. Brigati and Laureen M. Brigati ("Defendants") in the Eastern District of New York on March 29, 2017 sub nom Chavez v. White Poste Wholesale Growers, Inc., 17-cv-01739 (LDW)(GRB); and

WHEREAS the complaint (ECF No. 1), alleged a first cause of action of failure to pay overtime under the Fair Labor Standards Act; and

WHEREAS the complaint (ECF No. 1), alleged second, third, and fourth causes of action arising under the New York Labor Law; and

WHEREAS the Plaintiff and the Defendants have resolved the causes of action arising under the NYLL by a separate agreement, and

WHEREAS the Plaintiff and the Defendants seek to forever resolve any action arising under the FLSA, including the first cause of action alleged in the complaint;

NOW THEREFORE, Victor Chavez, White Post Wholesale Growers, Inc., John D. Brigati, David H. Brigati, and Laureen M. Brigati agree as follows:

1. **Definition of Parties.**

    (a) "Releasor" is defined as Victor Chavez and includes each of his present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that alone of Victor Chavez, he will be referred to as "Plaintiff"; and,

    (b) "Released Parties" is defined to include John D. Brigati, David H. Brigati, Laureen M. Brigati, and White Post Wholesale Growers, Inc., and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiff has or may have in the future through the date of execution of this Agreement, including withdrawing his pending motion for collective action.

3. **Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

(a) <u>Release of Fair Labor Standards Acts Claims</u>. Releasor knowingly and voluntarily releases and forever discharges Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Releasor has or may have against Released Parties, and also covenants not to file any claim or suit alleging a violation of the FLSA.

(b) <u>Collective/Class Action Waiver</u>. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Eastern District of New York's (the "Court") approval of this Agreement, White Post Wholesale Growers, Inc. agrees to pay to Plaintiff the gross total sum of $14,756.25 (the "Payment") as follows:

(i) Within 30 days after the Court approves this agreement, a check payable to Plaintiff in the amount of $9,837.50 less applicable withholdings for which a Form W2 will be issued;

(ii) Within 60 days after the Court approves this agreement, a check payable to Moser Law Firm, P.C. in the amount of $4,918.75 for attorneys' fees and costs for which a Form 1099 will be issued.

(iii) The foregoing checks shall be delivered to Plaintiff's counsel, Moser Law Firm, P.C.

(b) The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

5. **Settlement Approval.**

Plaintiff shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiff's claims, with prejudice.

6. **Non-Admission of Wrongdoing.** White Post Wholesale Growers, Inc., John D. Brigati, David H. Brigati, and Laureen M. Brigati deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by White Post Wholesale Growers, Inc., John D. Brigati, David H. Brigati, and Laureen M. Brigati of guilt or noncompliance with the Fair Labor Standards Act.

7. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10. **Entire Agreement.**

    (a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiff has or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

    (b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

    (c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding

which would impair the right to settle his FLSA claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasor.

12. **Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Moser Law Firm, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties under the FLSA. Plaintiff selected his counsel voluntarily;

(b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Released Parties until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 10/21, 2017    By: /s/ Victor Chavez
                          Victor Chavez

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU   )

On the 21 day of October in the year 2017, before me, the undersigned notary public, Victor Chavez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

4

Signature and Office of individual taking acknowledgment

Dated: 10/27, 2017

Dated: 10/27, 2017

Dated: 10/27, 2017

WHITE POST WHOLESALE GROWERS, INC.

By: _____
John Brigati, President

_____
John D. Brigati, Individually

_____
David H. Brigati, Individually

Dated: 10/21/17, 2017

_____
Laureen M. Brigati, Individually